## DAVIDSON, Adm'r, et al. v. NATIONAL AID LIFE ASS'N.

No. 22650. Oct. 8, 1935.

W. J. Davidson, for plaintiffs in error.

Snyder, Owen & Lybrand, for defendant in error.

PER CURIAM. This action was instituted in the district court of Oklahoma county by W. J. Davidson, administrator of the estate of C. L. Smith, deceased, against the National Aid Life Association, upon certain benefit certificates issued upon the life of C. L. Smith. In the petition of the plaintiff are three causes of action. The first cause of action is based upon a benefit certificate in the amount of $2,500; the second cause of action is based upon an accident rider attached to said benefit certificate providing for certain payments in case of death solely through external, violent and purely accidental means; and the third cause of action is upon an additional benefit certificate in the sum of $1,000.

The petition alleges in each cause of action that at the time of the death of the insured, the certificates sued upon were in full force and effect, and all the conditions and demands legally required of the insured had been complied with, and that each certificate was in good standing. In the second cause of action, it was alleged that the death was by accidental means within the terms of the policy. It is further alleged that at the time the accident rider was procured, C. L. Smith was mentally deranged and incompetent legally to effect a change in beneficiary. At said time, Smith had paid the premium and changed the beneficiary of the insurance; for his estate, he substituted his brother and four sisters as beneficiaries. W. J. Davidson appears as attorney for himself, as administrator, and also appears as attorney for the brother and four sisters, and on their behalf files an answer and cross-petition asserting that they are the beneficiaries and entitled to the proceeds of the insurance. The National Aid Life Association, in addition to filing a general denial, pleaded that each certificate had lapsed by reason of the nonpayment of assessments due thereon. There was considerable testimony introduced, much of it tending to show that C. L. Smith at the time he took out this additional insurance and changed beneficiary was not of sound mind, but there was no evidence to show or tending to show that he was a man entirely without understanding. It was not so alleged in the petition of the plaintiff, nor was the evidence of the witnesses to that effect.

At the conclusion of the plaintiffs' testimony, the trial court sustained a demurrer to the evidence and dismissed the case, from which decision this appeal is taken. The entire contention of the plaintiff is that the court erred in sustaining the demurrer to the evidence, for the reason that the court should have submitted to the jury the question of the insanity of C. L. Smith at the time he took out the additional protection and changed beneficiary. The position taken by the appellant is that if the jury should find that the insured was insane at the time he attempted to make this additional contract with the insurance company and paid premium the same was void, and that the money paid thereon to the insurance company was funds in its hands legally available to be applied by the association upon any legal demand for additional premiums or assessments, and that therefore the policies sued on did not lapse by reason of nonpayment.

The last two assessments levied upon the certificates sued on in the first and third causes of action were not paid during the lifetime of the insured. Upon this the record is clear. Under the plain provisions of the insurance contracts this lapsed the policies, unless there is in law justification to hold the association.

If the contract made by Smith with the insurance company for accident insurance was void by reason of mental incapacity at the time the contract was taken out, then the trial court committed error and the case should be reversed, provided, however, we should then further find as a matter of law that the premiums paid were money in the hands of the company which it must apply upon insured's other policies to prevent forfeiture of such policies because of nonpayment of assessments thereon. If, however, the contract was not void, but voidable, and the evidence introduced by the plaintiff, as well as every fair and reasonable inference to be drawn therefrom, was insufficient to establish that Smith was at the time a person entirely without understanding, then the trial court committed no error and the demurrer to the evidence was properly sustained and the case must be affirmed.

The presumption of sanity prevails until the contrary is shown. Upon this presumption the public freely deals one with another, and until there has been a judicial determination of incompetency, the contract of a person of unsound mind, but who is not entirely without understanding, is voidable and subject to rescission. This principle of law is statutory in this state. Section 9403, Okla. Stats. 1931, says:

"A conveyance or other contract of a person of unsound mind, but not entirely without understanding, made before his incapacity has been judicially determined, is subject to rescission without prejudice to the rights of third persons, as provided in the article on extinction of contracts."

The article on extinction of contracts at section 9500, Okla. Stats. 1931, provides that the rescission must be made promptly upon discovery of the fact. In this case, there is not the slightest suggestion of a rescission ever having been made. The plaintiff in his second cause of action sues upon the accident contract. The evidence discloses plaintiff's attempt to prove that a fall out of a hospital bed was the cause of the death of the insured, and, therefore, that the deceased came to his death solely through external, violent, and purely accidental means. The testimony of the attending physicians at the time of the death was introduced by the plaintiff, and these gentlemen testified that death was not even hastened by the fall. The evidence introduced by the plaintiff was conclusive and binding on the plaintiff as to the cause of the death, and the court was eminently correct in sustaining the demurrer to the cause of action based upon accidental death.

It is well established in this jurisdiction that a contract made by a person whose mind is unsound, but who is not entirely without understanding when the contract was executed prior to the judicial determination of the incapacity of such person, is a contract that is voidable and not void. Maas v. Dunmyer, 21 Okla. 434, 96 P. 591. This court, in a recent case, Canfield et al. v. Canfield et al., 167 Okla. 595, 31 P. (2d) 149, has held:

"It is the general concensus of judicial opinion that mental incapacity, whether it be due to mere weakness of mind or actual insanity, is not in itself a sufficient basis for obtaining the cancellation of a written instrument, unless the state of idiocy or imbecility complained of is such that it rendered the afflicted individual incapable of understanding the nature and effect of the transaction at the time the instrument was executed."

It should be borne in mind that the right to avoid a contract on the ground that one of the makers thereof is insane is for the protection of the incompetent only. This is clearly set forth in 14 R. C. L. 587:

"The right to avoid is for the protection of the insane person, and those who deal with him have no corresponding right."

Suppose, in the case at bar, that the decedent had come to his death solely by reason of accidental causes. Yet it would have been no defense for the insurance company to have set out that the insured was of unsound mind. In Allen v. Berryhill, 27 Iowa, 534, 1 Am. Rep. 309, it was decided:

"Justice and sound policy concur in requiring it to hold, as it does, that where a contract has been entered into (under circumstances which would ordinarily make it binding) by a sane person with one who is insane, and that contract has been adopted and is sought to be enforced by the representatives of the latter, it is no defense to the sane party merely to show that the other party was non compos mentis at the time the contract was made."

There was no rescission, actual or attempted, in this case. The administrator sued upon the accident rider and the premium money was paid by the insured to the insurance company for this accident insurance contract. There was no evidence offered tending to show the decedent was a person entirely without understanding, and at the time he had not been judicially determined incompetent. We hold that money paid to an insurance company for an insurance contract by a person who is not entirely without understanding, and whose incompetency has not been judicially determined, is not, in the absence of a rescission of said contract, money subject to be used by the insurance company to apply or pay premiums or assessments on other policies held with it by the incompetent so as to avoid a forfeiture of such other policies because of the nonpayment of premiums or assessments thereon.

We are of the opinion that the trial court committed no error in sustaining the demurrer to the evidence of the plaintiff, for the reason that the evidence introduced, as well as every fair and reasonable inference to be drawn therefrom, was insufficient to establish that at the time the transactions complained of, C. L. Smith was a person entirely without understanding.

The judgment is affirmed.

158

The Supreme Court acknowledges the aid of Attorneys Elton B. Hunt. Joseph L. Hull, and Robert D. Hudson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Hunt, and approved by Mr. Hull and Mr. Hudson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS and GIBSON, JJ., concur.